UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **R&R MOTORSPORTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1804** |
| **TEXTRON SPECIALIZED VEHICLES, INC., ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant Textron Specialized Vehicles ("Textron") (Rec. Doc. 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant Bass Pro Outdoor World, LLC) ("Bass Pro") (Rec. Doc. 9) is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Take Judicial Notice** filed by Textron (Rec. Doc. 8) is **GRANTED** as unopposed.

### BACKGROUND

This is an antitrust case in which the plaintiff, R&R Motorsports, LLC ("R&R) alleges that Textron and Bass Pro colluded to eliminate Textron's local dealer network, which included R&R. R&R sells and repairs all-terrain vehicles ("ATVs"), personal transport vehicles ("PTVs"), and similar vehicles throughout southern Louisiana and Mississippi. In early 2018, R&R contracted with Textron, a manufacturer and provider of ATVs, to become a dealer and servicer of Textron products, including off-road ATVs and other vehicles, such as Textron's Arctic Cat

off-road line. Following the agreement, in or around late summer 2018, R&R began having difficulties obtaining inventory purchased and ordered through Textron. As a result, R&R's sales of Textron products began to rapidly decline. Thereafter, in the fall of 2018 (normally R&R's busiest season) products and parts ordered by R&R through Textron were continually delayed. As a result, many R&R customers began cancelling their orders of Textron products through R&R.

In January 2019, several months after R&R began experiencing difficulties obtaining Textron products, Textron announced a partnership with Bass Pro, in which Bass Pro would carry Textron products lines, including off-road ATVs. In the early summer of 2019, R&R discovered that Bass Pro was selling Arctic Cat ATVs, a Textron product line sold and serviced by R&R, with TRACKER OFF ROAD labels on them. Bass Pro was selling the ATVs retail for prices lower than R&R was able to purchase them from Textron. R&R alleges that through this arrangement, Textron and Bass Pro sought to eliminate Textron's local dealer network, including R&R. An attempt by R&R to salvage its business relationship with Textron was unsuccessful, and on September 6, 2019, R&R terminated its agreement with Textron.

On November 2, 2021, R&R, invoking the diversity jurisdiction of this court, filed suit against Textron and Bass Pro, alleging violations of Louisiana's antitrust law, La. R. S. 51:122, and the Louisiana Unfair Trade Practices Act, La. R. S. 51:1409, et seq.[1] Textron and Bass Pro both moved for dismissal under Federal Rule 12(b)(b), arguing inter alia, that the claims were prescribed. In opposing the motion to dismiss, plaintiff suggested that pursuant to Federal Rule

---

[1] Civil Action No. 21-2014 (S)(4).

of Civil Procedure 8(a)(2), which provides that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief," the court should infer that plaintiff had stated a federal antitrust claim under the Sherman Act, which provides a longer limitations period. By Order and Reasons entered on June 6, 2022, the court dismissed plaintiff's claims with prejudice. The court specifically found that plaintiff had elected not to raise a Sherman Act claim. Plaintiff did not seek leave to amend the complaint to add a Sherman Act claim. A final judgment was entered on June 22, 2022. Plaintiff did not appeal from this judgment.

On June 17, 2022, eleven days after the dismissal with prejudice of its claims, plaintiff filed the instant suit in this court, seeking redress under the Sherman Act for antitrust violations based on the same set of facts alleged in the previous suit. Defendants have moved for dismissal, arguing that the suit is barred by res judicata. Plaintiff opposes, arguing that res judicata is an affirmative defense that may only be considered on summary judgment, and that the instant suit raises a distinct cause of action from that asserted in the first suit.

## DISCUSSION

*Legal Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the

plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678. Further, in considering a motion to dismiss based on res judicata, a court may take judicial notice of its own records. See, e.g., Clifton v. Warnaco, Inc., 53 F.3d 1280 (5th Cir. 1995).

*Applicable Law*

"Res judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401(5th Cir. 2009) (internal quotation and citation omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Id. "Four elements must be met for a claim to be barred by res judicata: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Id.

In this case, it is undisputed that the first three elements, a final judgment from a court of

competent jurisdiction, in a suit between identical parties, are met. However, plaintiff argues that the court should not dismiss the case for two reasons. First, plaintiff argues that res judicata is an affirmative defense that should be raised in a motion for summary judgment, and is not appropriate for consideration in the context of a motion to dismiss. Second, plaintiff argues that the instant suit raises a distinct cause of action from that urged in the prior suit.

### 1. Consideration of res judicata in context of defendants' motion to dismiss

Plaintiff argues that the issue of res judicata may not be resolved on a motion to dismiss, because it is an affirmative defense, which may only be considered on a motion for summary judgment. Generally speaking, this is correct. Anderson v. Wells Fargo Bank N.A., 953 F.3d 311, 314 (5th Cir. 2020). However, there are two limited exceptions to this rule. The first exception "permits '[d]ismissal by the court sua sponte on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court.' " McIntyre v. Ben E. Keith Co., 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting Mowbray v. Cameron Cnty., 274 F.3d 269, 281 (5th Cir. 2001) (quoting Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)). The second exception is applicable when "all of the relevant facts are contained in the record before [the court] and are uncontroverted." McIntyre, 754 F. App'x at 265 (quoting Am. Furniture Co. v. Int'l Accommodations Supply, 721 F.2d 478, 482 (5th Cir. 1981)).

It is clear that the first of these exceptions applies in this case. This case is pending before the same court. Therefore, it is subject to dismissal on res judicata grounds assuming the Federal Rule 12(b)(6) standard is otherwise met.

### 2. Elements of res judicata

Res judicata bars a claim when (1) the parties in the two actions are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) a final judgment on the merits was entered; and (4) the same claim or cause of action is involved in both cases. Oreck, 560 F.3d at 401. In this case, it is undisputed that the first three elements are met.[2] However, plaintiff argues the instant suit raises a distinct cause of action from that urged in the prior suit, and thus that the fourth element is not met.

In resolving the fourth element, courts in this circuit apply "a transactional test." Clifton, 53 F.3d at 1280. Under this test, "the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts." Id. (quoting Matter of Howe, 913 F.2d 1138, 1144 (5th Cir.1990). "Thus, res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated." Id. (internal quotations omitted). This is true even when the later suit argues a novel legal theory or requests different relief. Snow Ingredients, Inc. v. SnoWizard, Inc., 833 F.3d 512, 522 (5th Cir. 2016) (citing Agrilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994)).

The court takes judicial notice of the complaints filed in the prior suit in order to compare it to the complaint in the present suit.[3] A review of the complaints demonstrates that the claim in

---

[2] Notwithstanding the fact that the second suit was filed in the interim between the court's dismissal with prejudice and the actual entry of judgment, "[g]enerally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." Stevens v. Bank of Am., N.A., 587 F. App'x 130, 133 (5th Cir. 2014) (citing Oreck, 560 F.3d at 401).

[3] Textron's Motion to Take Judicial Notice of Documents (Rec. Doc. 8) is granted as unopposed. The court also notes that it is entitled to take judicial notice on its own, Fed. R. Evid.

6

the present suit arises from the same nucleus of operative facts as the former suit. Indeed, the factual allegations which form the basis of the present suit are repeated nearly verbatim from the first suit. Tellingly, in pleading its state law antitrust claim in the first suit, plaintiff acknowledged that the Louisiana statute "mirrors Section 1 of the federal Sherman Antitrust Act, 1 U.S.C. § 1, et seq."[4] Further, in opposing the motions to dismiss in the first suit, plaintiff argued that under the notice pleading standard of Federal Rule of Civil Procedure 8, the court could infer that plaintiff had made a Sherman Act claim, even though one was not alleged in that suit. On this record, it is clear not only that plaintiff could have brought a Sherman Act claim in the first suit, but that it had actual knowledge that it could, and declined to do so.

Finally, the court notes that while the parties disagree about the import of the relevant facts, there is no dispute with regard to the facts relevant to the issue of res judicata. The complaints in the two cases speak for themselves, their authenticity is not challenged, and the factual allegations are virtually identical. The relevant, uncontroverted facts before the court demonstrate that the second suit arises from the same occurrence as the first, and the claims in the second suit could have been brought in the first suit, but were not. The second suit is barred by res judicata. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant Textron Specialized Vehicles ("Textron") (Rec.

---

201(c)(1), and courts routinely take judicial notice of their own records, including when considering dismissal based on res judicata. Clifton, 53 F.3d at 1280.

[4] Civ. Action No. 21-2014, Rec. Doc. 1, ¶ 27.

Doc. 7) is **GRANTED**;

      **IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)** filed by defendant Bass Pro Outdoor World, LLC) ("Bass Pro") (Rec. Doc. 9) is **GRANTED**;

      **IT IS FURTHER ORDERED** that the **Motion to Take Judicial Notice** filed by Textron (Rec. Doc. 8) is **GRANTED** as unopposed.

      New Orleans, Louisiana, this   21st   day of September, 2022.

                                          **MARY ANN VIAL LEMMON**
                                      **UNITED STATES DISTRICT JUDGE**